**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Michael Ali BRYANT, Sr.,
Defendant–Appellant.**

**No. 15–12693
Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

April 4, 2016.

Lisa Tobin Rubio, Eloisa Delgado Fernandez, Wifredo A. Ferrer, Emily M. Sma-

chetti, Cynthia R. Wood, U.S. Attorney's Office, Miami, FL, for Plaintiff–Appellee.

Bernardo Lopez, Michael Caruso, Federal Public Defender's Office, Miami, FL, for Defendant–Appellant.

Before WILSON, WILLIAM PRYOR and FAY, Circuit Judges.

PER CURIAM:

Michael Ali Bryant, Sr. appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for a sentence reduction. Bryant seeks a reduction under Amendment 782 to the Sentencing Guidelines. The district court held that Bryant is ineligible for relief under Amendment 782 because he was originally sentenced as a career offender pursuant to U.S.S.G. § 4B1.1. On appeal, Bryant argues that he was sentenced under U.S.S.G. § 2D1.1—not § 4B1.1—and therefore the district court erred. Alternatively, he asserts that he is eligible for a reduction based on Amendment 782 because he was erroneously sentenced as a career offender. Both arguments fail.

First, the original sentencing court clearly sentenced Bryant pursuant to § 4B1.1. During his sentencing hearing, Bryant admitted—and the court acknowledged—that § 4B1.1 governed his sentence. Moreover, the court adopted the guidelines calculations from Bryant's Presentence Investigation Report, and those calculations were explicitly based on § 4B1.1.

Second, under the present procedural posture, Bryant cannot challenge the sentencing court's decision to sentence him as a career offender. Section 3582(c)(2) only "permits a sentence reduction within the narrow bounds established by" the Sentencing Commission. *See Dillon v. United States,* 560 U.S. 817, 831, 130 S.Ct. 2683, 2694, 177 L.Ed.2d 271 (2010). "In making [a § 3582(c)(2) ] determination, the court shall substitute only the amendments ... for the corresponding guideline provisions that were applied when the defendant was sentenced and *shall leave all other guideline application decisions unaffected.*" U.S.S.G. § 1B1.10(b)(1) (emphasis added). Amendment 782 does not have any bearing on the guidelines' career offender provisions. *See* U.S.S.G.App. C, amend. 782. Thus, the sentencing court's career offender decision is "outside the scope of the proceeding authorized by § 3582(c)(2)." *See Dillon,* 560 U.S. at 831, 130 S.Ct. at 2694.

**AFFIRMED.**